UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>KENNETH D. LIVERSEED,<br>    Defendant. | CIVIL ACTION NO. 5:16-21-KKC<br><br><br><u>**OPINION AND ORDER**</u> |

*** *** ***

This matter is before the Court on the government's notices (DE35, 40) of intent to offer testimony pursuant to Federal Rule of Evidence 414. The defendant is charged with one count of producing child pornography in violation of 18 U.S.C. § 2251(a) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). This matter is set for trial on December 19, 2016.

With their notices, the government states that it intends to offer evidence under Federal Rule of Evidence 414. That rule provides that, in criminal cases "in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a).

Both of the crimes that Liverseed is accused of committing are considered crimes of "child molestation" for purposes of Rule 414. The rule defines "child molestation" to include any conduct prohibited under 18 U.S.C. chapter 110 and the two statutes that Liverseed is accused of violating fall under that chapter. *See* Fed R. Evid. 14(d)(2)(B).

With its first notice, the government states that it intends to introduce evidence that, in 1992, the defendant molested his daughter (J.L.) and his girlfriend's daughter (M.S.), both of whom were minors at the time. With its second notice, the government states that it intends to introduce evidence that the defendant sexually abused his two minor grandchildren – C.J. and J.J. – in 2013 while they were visiting his apartment. J.L. is the mother of C.J. and J.J. The video that the defendant is charged with producing contains images of C.J. and J.J.

Rule 414 "supersedes Rule 404(b)'s restriction by establishing a presumption – but not a 'blank check' – favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct." *United States v. Sioux*, 362 F.3d 1241 (9th Cir. 2004). Under Rule 414(a), "the key to admissibility is relevance." *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005).

However, evidence that is otherwise admissible under Rule 414 is nevertheless subject to the Rule 403 balancing test. *United States v. Seymour*, 468 F.3d 378, 385-86 (6th Cir. 2006) (citing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001)). "A court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). "The court must next balance that probative value against the risk of unfair prejudice." *Id.*

The testimony regarding the 1992 and 2013 events is relevant and, thus, admissible, because it tends to make it more probable that Liverseed did produce and possess child pornography. *See United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) ("The standard for relevancy is extremely liberal: evidence is relevant if it has any tendency to make a fact more or less probable

2

than it would be without the evidence.") (citation omitted). The testimony helps establish that Liverseed had a sexual interest in the charged images and was therefore more likely to knowingly possess and produce them. Further, C.J. and J.J. are the minors depicted in the video that forms the basis for the production-of-child pornography charge. Accordingly, any testimony that Liverseed molested the two minors makes it more likely that he produced the video.

As to whether the evidence is more prejudicial than probative, the Ninth Circuit has articulated a set of guiding factors to consider when evaluating Rule 414 evidence: (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial. *LeMay*, 260 F.3d at 1027-28.

In addressing these factors, the Court will first evaluate evidence of the alleged 2013 molestation of the children depicted in the video which forms the basis for the production charge in the indictment. The acts charged in the indictment also occurred in 2013 and all of these acts involve the same victims – Liverseed's two grandchildren. Evidence that Liverseed molested the grandchildren is necessary to prove that he had the opportunity and motive to produce the images charged in the indictment. Accordingly, absent a meritorious argument to the contrary by Liverseed at or before the pretrial conference, the Court will permit C.J. to testify regarding her personal knowledge that Liverseed molested her and her brother in 2013. At the pretrial conference, the Court will address the manner in which this testimony will be presented to the jury. Any undue prejudice caused by the testimony can be alleviated with an appropriate limiting instruction.

As to the molestation alleged in 1992, the Court recognizes that the current charges against the defendant do not involve charges of direct contact with victims. Nevertheless, there are significant similarities between the current charges and the 1992 acts. All of the alleged acts – those in the indictment, those in 1992, and those in 2013 – involved victims who were 10 years of age or younger and were relatives of the defendant. In 1992, the victims allegedly were the defendant's 5-year old daughter and the 10-year old daughter of his live-in girlfriend. Again, the video that the defendant is charged with producing depicted his grandchildren, who were ages 2 and 6 at the time. Further, the government argues that the majority of the child pornography images that the defendant allegedly possessed depicted victims of the same age range.

As to the closeness in time, there is an over 20-year time span between the 1992 acts and the current ones. The Court has no information regarding the frequency of the prior acts. Nor is the Court aware of any relevant intervening circumstances between the two crimes. As to the necessity of the evidence, the government argues that the evidence is necessary to prove that the defendant *knowingly* produced and possessed child pornography. While, as discussed, the evidence certainly makes it more likely that the defendant engaged in possessing and producing child pornography, it is not clear how this evidence proves that the defendant *knowingly* produced or possessed such material. Further, at this point, it is not clear what additional evidence the government may have on this issue or what elements of the crimes the defendant intends to contest.

The government also argues that J.L.'s testimony regarding the defendant's actions in 1992 is necessary because it is inextricably intertwined with the actions that J.L. took, which led to the current charges against the defendant. The government asserts that J.L. will testify that she suspected that her father's laptop contained evidence of illegal conduct with her children and that

4

she informed her husband who then obtained the laptop and notified the police. The testimony regarding the 1992 acts would certainly provide a more complete picture as to why J.L. suspected her father of illegal conduct with her children. Nevertheless, J.L. could simply testify that she became suspicious, as she did, after she viewed a video of the defendant and her children spraying each other with whipped cream and after he closed the laptop rather than permitting her to view a second video.

Weighing all of these factors, at this point, it appears that testimony regarding the 1992 acts would be more prejudicial than probative. Nevertheless, the necessity of this information may become more apparent as evidence is presented at trial and as the defendant's defense becomes clearer. Accordingly, at this time, the Court will not permit the evidence. The government may, however, reassert its request to introduce evidence of the 1992 acts if appropriate after the trial of this matter commences.

Dated December 8, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY